UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JAVIER HERNANDEZ-LOPEZ<br>(a/k/a "Javier Lopez Hernandez,"<br>"Javier Hernandez," "Jaime Lopez Gomez,"<br>"Jaime Hernandez Lopez," "Jaime Lopez-<br>Lopez")<br><br>                    Defendant. | Case No.: CR 13-00259-CW (KAW)<br><br>REPORT AND RECOMMENDATION<br>REGARDING GUILTY PLEA |

Magistrate Judge Kandis A. Westmore recommends that the district judge accept Defendant Javier Hernandez-Lopez's guilty plea entered in open court on May 30, 2013. Specifically, Defendant pleaded guilty pursuant to a written plea agreement to Count One of the captioned indictment, charging Defendant with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). The magistrate judge makes the following findings:

  1.   On the hearing date set forth above, with the assistance of counsel, the defendant waived his right to enter his guilty plea before a district judge and instead consented to enter his plea in a hearing before a magistrate judge. Specifically, the magistrate judge advised him that he had a right to plead guilty before a district judge, and that he could waive that right and consent to enter his plea in a plea hearing before a magistrate judge. The magistrate judge also advised him that she would issue a written report recommending that the district judge accept the guilty plea, that the district judge would review that recommendation and determine whether to accept the guilty plea, and that the district judge and not the magistrate judge would sentence him. The magistrate judge also advised him of the procedures (also set forth at the end of this

United States District Court
Northern District of California

United States District Court
Northern District of California

1    recommendation) for challenging the magistrate judge's recommendation.  The defendant then

2    waived his right to proceed in district court in open court and in writing and consented to the

3    magistrate judge's conducting the plea hearing.

4            2.   The magistrate judge conducted a full plea hearing in the manner set forth in Federal

5    Rule of Criminal Procedure 11.  In particular, the magistrate judge reviewed, and the defendant

6    acknowledged that he understood, the following: (a) the nature of each charge and the maximum

7    penalties, as set forth in Fed. R. Crim. P. 11(b)(1) (G)-(L); (b) the effect of the advisory

8    Sentencing Guidelines and 18 U.S.C. § 3553(a), *see* Fed. R. Crim. P. 11(b)(1)(M); and (c) the

9    rights he was waiving by pleading guilty, *see* Fed. R. Crim. P. 11(b)(1) (A)-(F).  The court

10   reviewed the specific provisions of the plea agreement regarding waiving the right to appeal or

11   collaterally attack the sentence.  *See* Fed. R. Crim. P. 11(b)(1)(N).  The magistrate judge also

12   determined that there was a factual basis for the guilty plea.   *See* Fed. R. Crim. P. 11(b)(3).

13           3.   The plea agreement itself was disclosed in open court, *see* Fed. R. Crim. P. 11(c)(2),

14   and the magistrate judge advised the defendant as follows:

15       The plea agreement was made pursuant to Rule 11(c)(1)(C).  The government will agree
         that a specific sentence or sentencing range is appropriate, and the district judge may
16       accept the agreement, reject the agreement, or defer a decision until the district judge has
         reviewed the presentence report.  To the extent that the district judge accepts the
17       agreement, the agreed disposition will be reflected in the judgment.  To the extent that the
         district judge rejects the agreement, the court will inform the parties, advise the defendant
18       that the court is not required to follow the plea agreement, and give the defendant an
         opportunity to withdraw the plea.  If the district judge rejects the plea agreement and the
19       defendant does not withdraw his plea, then the court may dispose of the case less
         favorably toward the defendant than the plea agreement contemplated.
20

21

22   *See also* Fed. R. Crim. P. 11 (c)(3)-(5).

23           4.   The magistrate judge also addressed the defendant personally in open court, and

24   determined that the plea was voluntary and did not result from force, threats, or promises (other

25   than the promises in the plea agreement).   *See* Fed. R. Crim. P. 11(b)(2).

26           5.   After the advisements set forth in Rule 11, and summarized here, the defendant

27   pleaded guilty.  The magistrate judge found that he was fully competent and capable of entering

28   an informed plea, that he was aware of the nature of the charges and the consequences of the

guilty plea, and that the guilty plea was knowing and voluntary and supported by an independent factual basis.  This court thus recommends that the district judge accept the defendant's guilty plea.

6.   Any party may serve and file specific written objections within fourteen days after being served with a copy of this order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.  Failure to file objections within the specified time may waive a party's right to review.  *See* Fed. R. Crim. P. 59(b).

7.   This matter is set for sentencing before the district court on July 22, 2013 at 2:00 p.m.

IT IS SO RECOMMENDED.

Dated: May 31, 2013

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

3